UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ROY WORTHY,

       Plaintiff,                            No. 24-10066

v.

                                                 Honorable Nancy G. Edmunds

COMMUNITY MANAGEMENT
ASSOCIATES, INC.,

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

      Plaintiff David Roy Worthy brings this pro se lawsuit against Defendant Community Management Associates, Inc., a local agency administering Section 8 housing benefits. (ECF No. 1.) Plaintiff has also filed an application to proceed without prepaying fees or costs ("in forma pauperis" or "IFP"). (ECF No. 2.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP but DISMISSES his complaint.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

      Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff's application indicates that he receives disability benefits and that he does not have any assets. He also lists a number of expenses. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

1

**II.     Plaintiff's Complaint**

    **A.     Legal Standard**

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B).

    **B.     Analysis**

Plaintiff alleges that Defendant is in violation of the Fair Housing Act and 42 U.S.C. § 1983 as a result of "discrimination, due to past criminal record." (ECF No. 1, PageID.1.) He has attached the notice he received indicating that his application to the housing choice voucher program was denied because "[he] and/or someone in the household engaged in prohibited criminal activity." (*Id.* at PageID.7.) Plaintiff states that he has "had no criminal activity in years." (*Id.* at PageID.5.)

The Fair Housing Act prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). A person's criminal history is not a protected status enumerated in the statute. *See id.*; *see also Smith v. United States Dept. of Housing and Urban Dev.*, 2022 U.S. Dist. LEXIS 234351, at *5 (W.D. Mich. Dec. 30, 2022) (noting that "[t]he Fair Housing Act does not prohibit discrimination based on an

2

applicant's criminal history"). With regard to Plaintiff's purported claim under § 1983, in relevant part, "[t]he Equal Protection Clause prohibits discrimination by government which . . . targets a suspect class." *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011). Individuals convicted of crimes do not constitute a suspect class for equal protection purposes. *See United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011); *United States v. Miller,* 604 F. Supp. 2d 1162, 1172 n.15 (W.D. Tenn. 2009) (citing cases). Moreover, federal law expressly authorizes a public housing authority to consider an applicant's criminal history to determine eligibility for public housing programs. *See* 24 C.F.R. § 960.203(c)(3). In fact, 24 C.F.R. § 982.553(a) requires the denial of admission to the housing choice voucher program of individuals who have engaged in certain types of criminal activity. Because Plaintiff's complaint fails to state a discrimination claim upon which relief may be granted, dismissal of this case is appropriate under § 1915(e)(2)(B)(ii).

### III.   Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees or costs is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

                            s/Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: January 17, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2024, by electronic and/or ordinary mail.

                                                  s/Lisa Bartlett
                                                  Case Manager